# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEVIN FOSTER | * | |
| Petitioner | * | |
| v | * | Civil Action No. CCB-10-961 |
| J. COAKLEY | * | |
| Respondent | * | |

***

## **MEMORANDUM**

Pending is respondent's motion to dismiss or for summary judgment. Paper No. 4. Petitioner opposed the motion and respondents filed a reply. Paper No. 7 and 8. Upon review of the papers filed, the court finds a hearing is unnecessary. For the reasons stated below, the petition will be denied.

On March 27, 1991, petitioner, currently incarcerated at the Federal Correctional Institution in Cumberland, Maryland, was sentenced in the Superior Court for the District of Columbia to serve twenty years to life with one year consecutive for one count of murder and two counts of carrying a pistol without a license. Paper No. 1. As a prisoner of the District of Columbia, petitioner's parole eligibility is determined by the United States Parole Commission pursuant to the District of Columbia guidelines in place at the time the offense was committed. *See Sellmon v. Reilly*, 551 F. Supp. 2d 66 (D.D.C. 2008).

For purposes of considering petitioner's parole eligibility, a salient factor score was calculated assigning points for both pre- and post-incarceration criteria. Petitioner's score was two (2), indicating he was eligible to be paroled. The hearing examiner determined that:

> A departure from the guidelines at this consideration is found warranted because the Commission finds there is a reasonable probability that you would not obey the law if released and your release would endanger the

> public safety. You are a more serious parole risk than shown by your Point Score because the instant offense involved unusual cruelty to two victims who were shot and killed without provocation. The record reveals the police found [20 9mm] shell casings on the scene and one of the victims was shot numerous times to the body and head. The record reveals that you have a history of firearms violations and fascination with firearms. Additionally there are prior failures under community supervision. You acknowledged you were using alcohol and/or drugs while in the community and you need to complete the 500-Hour Residential Drug Abuse Program to insure your ability to remain crime free in the community.

Paper No. 3 at Ex. 3, p. 3. The parole commission adopted the hearing examiner's rationale for denying petitioner parole and issued a Notice of Action on March 7, 2010. Petitioner was advised that he would be reconsidered for parole in December 2012, 36 months after his December 2009 consideration. Paper No. 3 at Ex. 6.

Petitioner concedes that the commission is entitled to use its discretion to override a salient factor score, but asserts that the reasons provided must comport with those listed in the guidelines. He states the reasons provided in his case do not comply with the guidelines and alleges the statement regarding the number of shots fired at the crime scene is inaccurate. He seeks an order from this court vacating the decision and requiring his release on parole. Paper No. 1.

This court's review of parole decisions is limited to a determination of whether the decision represents an abuse of the Commission's discretion. *See Barnard v. Poteat*, 271 F. Supp. 2d 49, 51 (D.D.C. 2002);[1] *see also Simmons v. Shearin*, 295 F. Supp. 2d 599, 602 (D. Md.

---

[1] The prisoner in *Barnard* was serving 15 years to life for second-degree murder while armed and had completed 10 years of his sentence when parole was denied. The court observed:

> The Commission's rationale for giving a five year set-off is that the nature of the crime 'indicates an unusually cruel and impulsively violent personality' and requires more time in prison as 'accountability for such a serious murder.' Petitioner does not dispute that he shot two people at point-blank range, killing one of them, during the course of a robbery. Because the Commission's decision to depart from its guidelines in scheduling a parole rehearing had a rational basis in the record, its decision was not an abuse of discretion.

2

2003). To establish an abuse of discretion, Petitioner must show that "there is not a rational basis in the record for its findings of fact embodied in its statement of reasons." *Barnard*, 271 F. Supp. 2d at 51. Judicial relief "is limited to correcting the abuses or wrongful conduct within a specific time period." *Simmons*, 295 F. Supp. 2d at 602.

Petitioner's achievement of a certain score under the guidelines does not guarantee his release on parole, as he seems to assert. "The D.C. Parole Board's scoring system created by the 1987 guidelines simply formalized the method by which it exercised its considerable discretion to grant parole." *Simmons*, 295 F.Supp.2d at 603, (citing *Davis v. Henderson,* 652 A.2d 634, 634 (D.C. 1995)). The statutory language makes clear that "even if a prisoner established everything the statute required, the Board of Parole still had discretion to deny parole." *Ellis v. District of Columbia*, 84 F.3d 1413, 1415 (D.C. Cir. 1996).

Under the regulations, the Commission may, "in unusual circumstances, waive the [salient factor score] . . . to grant or deny parole to a parole candidate." *See* D.C. Mun. Reg. tit. 28, §204.22 (1987); Paper No. 4 at Ex. 4, p. 2-8. In that case, the written decision must "specify . . . those factors which it used to depart from the strict application of the provisions." *Id.* There are six reasons listed under the Guidlines for denying parole despite a low total point score:

1. Repeated failure under parole supervision;
2. Current offense involves on-going criminal behavior;
3. Lengthy history of criminally related alcohol abuse;
4. History of repetitive sophisticated criminal behavior;
5. Unusually extensive and serious prior record (at least five felony convictions); and
6. Unusual cruelty to victims.

D.C. Mun. Reg. tit. 28, §204, App. 2—1; Paper No. 4 at Ex. 4, pp. 2-34 and 2-35. In the instant case, "factors countervailing the guideline to grant or deny parole" were noted as follows:

---

*Barnard,* 271 F.Supp.2d at 51 .

--Subject shot and killed 2 victims by arming himself and avenging an assault on a friend and his dog.
--Subject had a fascination with firearms (pictures and articles in his room).
--Subject was on probation for a firearm offense when he committed these murders. (Prior failure under supervision).
--Subject had 2 unsuccessful period of juvenile community supervision. (Prior failure under supervision).

Paper No. 4 at Ex. 2, p. 4. The hearing examiner's overall evaluation stated:

> Kevin Foster, now age 39, is appearing for his initial hearing on a 20 year to Life sentence for killing 2 victims who chased his friend and his dog out of an area. He purposefully returned to the area on his bicycle with a loaded weapon and fired all 20 rounds when he saw one of the men who chased his friend and dog. He may be considered a more serious risk that his initial grid score of 2 suggests. Accordingly a record parole decision is not recommended.

*Id*.

Petitioner claims that the "unusual cruelty to victims" rationale "require[es] a showing that the offense involved 'physical, mental, or emotional abuse beyond the degree needed to sustain a conviction on the instant offense' or 'especially vulnerable victims, e.g., children or elderly person.'" Paper No. 7 at p. 3, (citing *Sellmon v. Reilly*, 551 F. Supp. 2d 66, 72, n.5 (D. D.C. 2008). In addition, he claims the 1991 policy guidelines should have been followed to define the terms used in the 1987 regulations. *Id*. Petitioner's assertions are without merit. The 1991 policy guideline applies to "prisoners who committed their crimes while this policy guideline was in effect (from December 16, 1991 to October 23, 1995)." Paper No. 4 at Ex. 5, pp. 2—3. The regulations reserve the Commission's right to refuse parole for "other" reasons, but references the *Sellmon* litigation, stating:

> The Commission will not depart from the guidelines for the reason that the prisoner has not served a sufficient prison term to be 'accountable' for the crime, or because the prisoner's release would depreciate the seriousness of the offense.

*Id*. at p. 3. Thus, the *Sellmon* decision did not eliminate discretionary departures from the salient factor score. The stated rationale for departing from the salient factor score in petitioner's case has a rational basis in the record. There has been no abuse of discretion and petitioner is not entitled to habeas corpus relief. Accordingly, by separate order which follows, the petition shall be denied.

| | |
|---|---|
| <u>August 31, 2010</u><br>Date | <u>/s/                    </u><br>Catherine C. Blake<br>United States District Judge |